FILED
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF UTAH CENTRAL DIVISION**

2018 FEB -5  A 11: 47

DISTRICT OF UTAH

CHARLES D. MCCALLON
on behalf of themselves
And all other similarly situated

      Plaintiff

      vs.

Case: 2:18-cv-00114
Assigned To : Furse, Evelyn J.
Assign. Date : 2/5/2018
Description: McCallon v. Samsung
Electronics America et al

SAMSUNG ELECTRONICS AMERICA, INC.,
SAMSUNG ELECTRONICS CO., LTD.,
SEARS HOLDINGS MANAGEMENT CORPORATION, and
SEARS, ROEBUCKS AND CO.

      Defendants.

---

## CLASS ACTION COMPLAINT

Plaintiff CHARLES D. MCCALLON (referred to "Plaintiff" or individually

as "McCallon,") on behalf of himself and all others similarly situated, make the

following allegations and claims for a complaint against Samsung Electronics

America, Inc., and Samsung Electronics Co., Ltd. (together referred to as

"Samsung" or "Manufacturer Defendants")  Sears Holdings Management

Corporation and Sears, Roebuck and Co. (together referred to as "Sears") (where

Sears defendants are collectively referred to as "Retailer Defendants") (Retailer

Defendants together with the Manufacturing Defendants  are referred to simply as

"Defendants"). The following allegations are made upon information and belief,

1

except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge or as otherwise stated upon information and belief.

1.  This case is brought by the Plaintiff on behalf of himself and all others similarly situated in the state of Washington, who have purchased certain defective Samsung television sets manufactured starting in January 2009 and continuing to the present day (generally referred to as "televisions" or "Samsung televisions"). The televisions are defective in that they contain faulty internal components including but not limited to capacitors that prematurely fail during normal operation of the televisions (the "Defect"). The Defect, which was present upon delivery and which manifests itself over time, ultimately results in the failure of the televisions themselves well before the end of their expected useful life, and rendering the televisions unsuitable for their principal and intended purpose.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a).

3.  The claims made herein on behalf of Plaintiff and the Class are in excess of $75,000, exclusive of interests and costs.

4.  The Court has personal jurisdiction over the Defendants pursuant to 18 U.S.C. §§1965(b) and (d). Defendants are non-individuals who have

directly or indirectly conducted business in the State of Utah. While Defendants were engaged in solicitation or business within Utah, Defendants committed one or more tortious acts within the Utah and/or one or more acts or omissions outside Utah which caused injuries to Plaintiff within Utah.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). Defendants do business in this federal district and Plaintiff McCallon resides in this federal district in Utah..

## PARTIES

6. Plaintiff CHARLES D. MCCALLON currently resides in Sandy, Utah. At the time he purchased his Samsung television from a Sears retail store on November 29, 2011; McCallon lived in Gig Harbor, Washington and purchased the television in the Tacoma Mall in Tacoma, Washington. McCallon's Samsung television was a 51 inch high definition 3-D television, model number PN-1D550, which he purchased for home use and which one or more of Defendants designed, manufactured, marketed, distributed and/or sold with the Defect.

7. Defendant Samsung Electronics America, Inc. (hereinafter referred to as "Samsung America") is a New York corporation, with its principal place of business in Ridgefield Park, New Jersey. Samsung America. is a wholly-

3

owned subsidiary of Samsung Electronics Co., Ltd.   Defendant Samsung

America. designs, manufactures, and/or distributes consumer electronics

products, and sells Samsung brand consumer products direct to the public

through its international retail website Samsung.com, including the

televisions containing the Defect forming the subject matter of this action,

which it caused to be placed into the stream of commerce in the State of

Utah.

8. Defendant Samsung Electronics Co., Ltd. (hereinafter referred to as

"Samsung Ltd.") is a Korean corporation with its headquarters in Seoul,

South Korea. Samsung Ltd. designed, manufactured, and marketed the

televisions containing the Defect, and purposefully caused them to be placed

into the stream of commerce within Utah.

9. Defendant Sears Holdings Management Corporation (hereinafter referred

to as "SHC") is incorporated in the state of Delaware with its principal

place of business located at 333 Beverly Road, Hoffman Estates, IL 60179.

Upon information and belief, SHC, which is registered to do business in

the State of Utah, is the same entity as "Sears Holdings Corporation," as

registered with the Securities Exchange Commission. SHC is the parent

company to Sears, Roebuck and Co., which operate a national network of

at least 697 full-line (not specialty) retail stores, located across all 50 states

and Puerto Rico, operating as "Sears." SHC's Full-line stores offer a wide array of products and service offerings across many merchandise categories, including appliances and consumer electronics/connected solutions. SHC operates many full line stores in Utah and Washington; at which SHC retails Samsung televisions containing the Defect, and purposefully caused them to be placed into the stream of commerce.

10. Sears, Roebuck and Co. (hereinafter referred to as "SRC") is incorporated in the state of New York with its principal place of business located at 333 Beverly Road, Hoffman Estates, IL 60179. Sears, Roebuck and Co., operates a national network of at least 697 full-line (not specialty) retail stores, located across all 50 states and Puerto Rico, operating as "Sears." SRC's Full-line stores offer a wide array of products and service offerings across many merchandise categories, including appliances and consumer electronics/connected solutions. SRC operates many full line stores in Utah and in the State of Washington; at which SRC retails Samsung televisions containing the Defect, and purposefully caused them to be placed into the stream of commerce.

11. Plaintiffs are informed and believe and thereon allege that at all relevant times, each of the Defendants was the agent, servant, representative, successor, successor in interest and employee of the remaining co-

Defendants, and in doing the things alleged, each was acting within the course and scope of said agency and employment and with the ratification and authorization of its respective principals.

## FACTUAL ALLEGATIONS

12. Defendants are in the business of manufacturing, marketing, distributing and/or selling plasma, LCD, and DLP Televisions to consumers throughout the United States and in the state of Utah. The average retail price for the televisions ranges from between approximately $250 to approximately $5,000, depending on the size and model.

13. Upon information and belief, the Manufacturer Defendants are one of the largest internet retailers of televisions direct to consumers in the United States through its website Samsung.com and a large portion of the televisions at issue were sold directly to members of the Class by Samsung.

14. At all times material and relevant to this Class Action Complaint, Retailer Defendants sold Samsung televisions containing the Defect.

15. Upon information and belief, sometime after November 30, 2014, Samsung stopped manufacturing plasma televisions all together.

6

16. Upon information and belief sometime after November 30, 2014, Samsung failed to maintain adequate inventory of parts to repair/replace the components of Samsung plasma televisions sold with the Defect.

17. Without adequate inventory of repair/replacement parts necessary to service the Samsung plasma televisions with the Defect, Samsung violated state consumer protection laws and/or was unjustly enriched.

18. Samsung plasma televisions contain a number of internal electronic components. These components serve dedicated functions, i.e., enabling the television to power on and off, tune to a particular channel, display visual images properly, and replay audio.

19. Televisions are reasonably expected to last more than eight (8) years of *continuous use*, if not more. A well-designed and manufactured television will have integral parts that will last the expected useful life of the television.

20. The technology in plasma televisions made those televisions more costly to manufacture, as compared to LCD or LED televisions.

21. In order to lower the cost to consumers, Samsung used inferior component parts to make their plasma televisions more "affordable," at least at the outset.

22.    In the long run, however, consumers who purchased Samsung's plasma televisions would pay more, either implicitly through the dramatically decreased lifespan of the televisions requiring the purchase of a new television or through costly repairs, when such repairs could be made.

23.    In many cases, consumers were unable to repair their Samsung plasma televisions due to the unavailability of parts arising sometime after November 30, 2014; and consumers were left without the option to purchase a new plasma television as other manufacturers had also exited the plasma television market.

24.    Common failures in Samsung's plasma televisions affected parts such as MOSFET's, Switching IC chips, regulators, driver IC's, buffer IC's, control IC's and boards (including X and Y and PSB); and were largely caused by components that were inadequately graded or otherwise ill-suited to support plasma television technology.

25.    Plasma televisions use technology that require more energy to run and result more onerous working conditions for the televisions' internal components, which may further result in excessive heat and/or excessive voltage; which, in turn, causes the components to prematurely fail.

26.    Capacitors are an integral part of internal components in televisions. Capacitors function as energy storage centers. Their storage ability allows

capacitors to help smooth voltage spikes that are caused by lightning or electrical switches opening and closing, thus allowing a steady current to be supplied to circuits inside a television.

27. Over exposure to heat shortens the life of a capacitor. When the capacitors overheat they can no longer relay signals properly and thereby cause televisions to malfunction.

28. The televisions were not altered any time after they left the custody and control of the Manufacturer Defendants and ultimately reached the end consumers like Plaintiffs, and the members of the Class. The televisions were defective when they left the exclusive control of the Manufacturer Defendants and the Manufacturer Defendants knew the televisions would be used without additional tests for defects.

29. Manufacturer and Retailer Defendants have implicitly misrepresented and/or omitted material information to consumers that component parts in Samsung televisions would fail after only a few years of normal use, before the expiration of their reasonably expected useful life.

30. The Manufacturer Defendants in their role as the designer, manufacturer, marketer, distributor and seller of the televisions, represented expressly or

by implication that the televisions being sold to the general public were not
inherently defective and were reasonably suited for their intended purpose.

31. The Manufacturer Defendants omitted material information about the
reduced useful lifespan of their televisions containing the Defect, about
which the Manufacturer Defendants knew or should have known due to
consumer complaints and/or returns.

32. Retailer Defendants in their role as the sellers focusing on service,
selection and satisfaction while educating consumers about the products
including Samsung televisions, represented expressly or by implication
that the televisions being sold to the general public were not inherently
defective and were reasonably suited for their intended purpose.

33. Retailer Defendants omitted material information about the reduced useful
lifespan of their televisions containing the Defect, which Retailer
Defendants knew or should have known of the Defect due to consumer
complaints and/or returns.

34. If the electronic components contained on the PSBs in the Samsung
televisions fail after the first year of purchase, Manufacturer Defendants
refer consumers to independent repair facilities.

35. Manufacturer and Retailer Defendants have or should have had actual
knowledge of the design Defect in the televisions, but have failed to

adequately recall/cease sales of the televisions and/or cure the design Defect described in this Complaint.

36. The Defect described was a material fact related to the reliability and normal operation of the televisions known by Manufacturer and Retailer Defendants through their normal course of operations. Had Plaintiffs and members of the Class known about the defect, they would not have purchased the subject televisions or would have paid substantially less for the televisions.

37. The Manufacturer Defendants has stated that a useful lifespan for its televisions is in the tens of thousands of operational hours – this equates to several years of *continuous* use. The Manufacturer Defendants' televisions include a 12 month parts and labor warranty. Despite that the Defect was present in the television at the time of delivery, well within these warranty limitation periods; the Manufacturer Defendants have refused to pay for labor or diagnostic expenses for consumers with televisions manifesting the Defect more than a year after purchase. Further the Manufacturer Defendants have refused to pay any part of the cost of repairing televisions which manifest the Defect more than one year after purchase.

38. Plaintiffs and the Class could reasonably expect their televisions to function well beyond the 12 month parts and labor warranty provided by

the boiler-plate warranty. Manufacturer Defendants knew or should have known that the defective design of the televisions would render the time limitations in its written warranty grossly inadequate to protect consumers from the Defect, and would subject consumers to expensive repair costs.

39.  Plaintiff McCallon purchased a Samsung 3-D TV, Model PN 51D550 for approximately $840.00 on November 29, 2011 at a Retail Defendant's store in Tacoma, Washington.

40.  Plaintiff McCallon's television, subject of this Complaint, has exhibited the Defect described in this Complaint.

41.  Plaintiff McCallon contacted one or more of the Defendants several times regarding his television and almost a month after McCallon brought the television to an authorized Samsung repair facility, in or around July 2013 he was informed that the television was "unrepairable" because the PSB needed to repair the defect was "no longer available for this model of TV."

42.  Plaintiffs and the members of the Class could not have known or reasonably discovered, nor did they have reason to know of, the Defect.

43.  If Plaintiffs and the members of the Class had known the true facts they would not have purchased the televisions or would have paid far less for the televisions.

44. Plaintiffs and Class members are damaged in the amount of the price paid for the televisions.

45. Plaintiffs and Class members are damaged in the amount of the price of diagnostic, repair and service fees.

46. Manufacturer and Retailer Defendants sold and distributed televisions with the knowledge and intent that the televisions be used for the benefit of consumers. Manufacturer and Retailer Defendants sold the defective televisions to Plaintiff and the members of the Class in the course of their business.

47. By engaging in the above described conduct, Manufacturer and Retailer Defendants committed acts and omissions to the detriment of consumers.

48. As a direct result of Manufacturer and Retailer Defendants' actions set forth, Plaintiffs and the consumers who comprise the Class who have purchased the televisions have suffered injury in fact, have been damaged and have suffered a loss of money or property for having paid thousands of dollars for a product that does not, cannot; and will not, work as represented and that is now worth substantially less than what consumers paid and what a non-defective television would be worth.

## CLASS ACTION ALLEGATIONS

49. Plaintiffs bring this action on their own behalf and pursuant to Fed. R. Civ.
    P. 23(a) and 23(b)(3) and 23(b)(2) as a class action on behalf of a
    Washington class ("Washington Class") (together the Utah and
    Washington Class are simply referred to as "Class") of persons defined as:

    WASHINGTON CLASS:

    > Within the applicable statute of limitations, all
    > persons in the state of Washington who purchased
    > a Samsung television manufactured between
    > January 1, 2009 and the present (the "Washington
    > Class").

    Plaintiffs maintain the right to modify or amend the definition of the
    proposed Class before a court determines whether certification is
    appropriate.

50. Excluded from the Class are Manufacturer and Retailer Defendants and
    others as follows:

    a. Any entity in which Manufacturer and Retailer Defendants have a
       controlling interest, or which has a controlling interest in
       Manufacturer and Retailer Defendants;

b.  Manufacturer and Retailer Defendants' officers, directors, agents, servants, employees, and legal representatives, and the members of the immediate family of any such person;

c.  Manufacturer and Retailer Defendants' assigns and successors;

d.  The judge to whom this case is assigned and any member of the judge's immediate family;

e.  All persons who properly execute and timely file a Request for Exclusion;

f.  All persons who have properly released their claims against Manufacturer and Retailer Defendants; and

g.  All persons who have obtained a judgment against Manufacturer and Retailer Defendants on the claims here presented on or before the date of the filing of this action.

## **RULE 23(a)**

### **Numerosity**

51. Upon information and belief, the Class is composed of no fewer than hundreds of persons state-wide in Washington, and is sufficiently numerous for class treatment.

52. The joinder of all Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**<u>Commonality</u>**

53. This dispute raises questions of law and fact that are common to all Class members. Those common questions predominate over questions that arise on an individual basis for Class members. The common questions of law and fact include, without limitation:

    a. Whether Manufacturer and/or Retailer Defendants' representations, omissions, and conduct regarding the televisions were misleading or false;

    b. Whether Manufacturer and/or Retailer Defendants' representations and conduct were likely to deceive consumers into believing that the televisions operated properly;

    c. Whether Manufacturer and/or Retailer Defendants violated Washington's Consumer Protection Act;

    d. Whether the members of the Class have been injured by Manufacturer and/or Retailer Defendant's conduct; and

    e. Whether the members of the Class are entitled to injunctive or declaratory relief to repair the televisions.

16

**Typicality**

54. Plaintiff's claims are typical of the claims of the Class and Plaintiff has no interests adverse to the interests of other members of the Class.

55. The claims of Plaintiff and the Class have a common origin and share a common basis. Their claims originate from the same illegal and deceptive practices of Manufacturer and Retailer Defendants, and they act in the same way toward Plaintiffs and the Class. As such, Plaintiff has been the victim of one or more of Manufacturer and Retailer Defendants' unfair and deceptive practices related to the television containing the Defect.

**Adequate Representation**

56. Plaintiff is willing and prepared to serve the Court and proposed Class in a representative capacity with all of the obligations and duties material thereto. Plaintiff will fairly and adequately protect the interest of the class and have no interests adverse to, or which directly and irrevocably conflict with, the interests of other members of the Class.

57. The self-interests of the named class representative is co-extensive with, and not antagonistic to, those of the absent Class members. The proposed representative will undertake to well and truly protect the interests of the absent Class members.

**RULE 23(b)(1)(A) and (B)**

58. The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

59. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class. Such incompatible standards and inconsistent or varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create, and allow to exist, inconsistent and incompatible rights within the Class.

### RULE 23(b)(2)

60. This action satisfies the requirements of Fed. R. Civ. P. 23(b)(2) because Manufacturer and Retailer Defendants have acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and/or corresponding declaratory relief with respect to the Class as a whole.

### RULE 23(b)(3)

61. The questions of law and fact common to members of the class

predominate over any questions affecting only individual members.

62. A class action is superior to other available methods for the fair and

efficient adjudication of the controversies herein in that:

   a. Individual claims by the class members are impractical as the costs of

   pursuit far exceed what anyone plaintiff or Class member has at stake.

   b. No known class actions have been filed naming these defendants in

   one action, nor is there known of any individual litigation over the

   controversies herein, and upon information and belief individual

   members of the class have no interest in prosecuting and controlling

   separate actions.

   c. The proposed class action is manageable.

63. Plaintiffs are not aware of any obstacles likely to be encountered in the

management of this action that would preclude its maintenance as a class

action. Rule 23 provides the Court with authority and flexibility to

maximize the efficiencies and benefits of the class mechanism and reduce

management challenges. The Court may, on motion of Plaintiffs or on its

own determination, certify a statewide class for claims sharing common

legal questions; utilize the provisions of Rule 23(c)(4) to certify any

particular claims, issues, or common questions of fact or law for class-wide

19

adjudication; certify and adjudicate bellwether class claims; and utilize

Rule 23(c)(5) to divide any Class into subclasses.

## COUNT THREE
## BREACH OF WASHINGTON CONSUMER PROTECTION ACT
## RCW 19.86 et. seq. (for Equitable and Compensatory Relief)(As to the Manufacturer Defendants)

64. Plaintiff McCallon and the Washington Class reallege and incorporate

paragraphs 1-63 as if set forth fully herein.

65. The Washington Consumer Protection Act ("WCPA") provides that

"[u]nfair methods of competition and unfair or deceptive acts or practices in

the conduct of any trade or commerce are hereby declared unlawful." RCW

19.86.020.

66. Manufacturer Defendants were engaged in trade or commerce within the

definition of RCW 19.86.010 (2) in that Manufacturer Defendants sell or

caused to be sold in the stream of commerce, the subject televisions to

consumers, affecting people of the state of Washington.

67. Manufacturer Defendants engage in numerous unfair or deceptive practices

in violation of the Consumer Protection Act, including but not limited to:

    a. Implicitly misrepresenting the nature, standard, quality, characteristics,

       uses and benefits of Samsung televisions;

    b. Representing that goods have sponsorship, approval, characteristics,

       ingredients, uses, benefits or quantities that they do not have;

20

c. Representing that goods are of a particular standard, quality or grade, if they are of another;

d. Representing that the useful life of the Samsung televisions (including its essential component parts) was longer than the Manufacturer Defendants knew or should have known to be true;

e. Advertising goods or services with intent not to sell them as advertised;

f. Failing to disclose to Washington Class members the aforesaid Defect;

g. Failing to disclose the reduced useful life of the Samsung televisions; and

h. Failing to disclose the cost and magnitude of repair necessary to repair the Defect.

68. Pursuant to RCW 19.86.093, there is a public interest in addressing Manufacturer Defendant's unfair and/or deceptive conduct because the conduct complained of has:

a. Injured Plaintiff McCallon;

b. Injured Washington Class members; and

c. Had the capacity to injure other persons if left uncorrected.

69. As a direct and proximate result of the Manufacturer Defendants' violations of the Act, Plaintiff McCallon and the Washington Class has been aggrieved and suffered a loss including amounts related to all or some part of the

21

purchase price of the televisions containing the Defect as well as diagnostic, repair and service fees.

70. The Manufacturer Defendants have received a benefit from having misrepresented or omitted material information regarding the quality of the televisions and the inadequacy of materials used which the Manufacturer Defendants knew or should have known would substantially decrease the useful life of the televisions.

71. Pursuant to RCW 19.86.090, Plaintiff McCallon and other Washington Class members have a private cause of action against the Manufacturer Defendants and are entitled to recover their actual damages (up to treble damages), plus attorneys' fees and costs.

72. By reason of the Manufacturer Defendants' conduct as aforesaid, Plaintiff McCallon and the Washington Class members are entitled to compensatory and statutory damages, equitable relief, and attorney's fees and costs, as provided by the Act.

73. Upon information and belief, the Manufacturer Defendants will continue the unlawful manufacture and sale of defective Samsung Televisions to Plaintiff McCallon and the Washington Class, where consumers are unable to know whether the Defect has otherwise been remedied.

74. By reason of the Manufacturer Defendants' conduct as aforesaid, Plaintiff

22

McCallon and the Washington Class members are entitled to equitable relief enjoining Manufacturer Defendants' unlawful conduct.

WHEREFORE, Plaintiff McCallon, individually and as class representative on behalf of the Washington Class, demands judgment against the Manufacturer Defendants for:

      a.  compensatory damages, including but not limited to the purchase price of the Samsung televisions or, in the alternative, cost of repairs;

      b.  injunctive relief, including but not limited to immediately cease and desist from selling its Defective Samsung televisions in violation of law; enjoining Manufacturer Defendants from continuing to market, advertise, distribute, and sell these products in the unlawful manner described herein; and ordering Manufacturer Defendant to engage in corrective action to repair the Defective Samsung televisions;

      c.  reasonable attorney's fees, costs and expenses; and

      d.  such other relief as may be just, necessary or appropriate.

## COUNT FOUR
## BREACH OF CONTRACT (As to the Manufacturer Defendants)

75.   Plaintiff and the Class reallege and incorporate paragraphs 1-63 as if set forth fully herein.

76. The Manufacturer Defendants design, manufacture, market, sell and/or distribute to consumers in Washington, their Samsung televisions containing the Defect.

77. The Manufacturer Defendants incur a contractual duty to Plaintiff and members of the Class who purchased a Samsung television containing the Defect.

78. The Manufacturer Defendants breached their contracts with Plaintiff and the Class by providing their Samsung televisions with the Defect, which were inferior, substandard and malfunctioning.

79. As a result of the Manufacturer Defendants' breach of contract, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial and are entitled to compensatory damages, interest plus costs.

WHEREFORE, Plaintiff, and on behalf of all others similarly situated demand relief against the Manufacturer Defendants as follows:

a. compensatory damages, including but not limited to the purchase price of the Samsung Televisions or, in the alternative, cost of repairs; and

b. such other relief as may be just, necessary or appropriate.

## COUNT FIVE

**UNJUST ENRICHMENT (As to the Manufacturer Defendants)**

80. Plaintiff and the Class reallege and incorporate paragraphs 1-63 as if set forth fully herein.

81. In the alternative to compensatory damages requested above, if for any reason the claims under this action lack of an adequate remedy at law, Plaintiff and the Class request equitable relief from the Manufacturer Defendants' acts and omissions stemming from the legal theory of unjust enrichment.

82. Plaintiff and the Class conferred a benefit upon the Manufacturer Defendants when they paid for the Samsung television, as it was designed, manufactured, marketed and retailed to a mass consumer population.

83. The Manufacturer Defendants appreciated the benefit conferred by receiving payment for any Samsung television, which was designed, manufactured, marketed, and retailed to a mass consumer population.

84. The Manufacturer Defendants have accepted and retained the benefit conferred without providing a product that meets the reasonable standard of quality. The product purchased by Plaintiff and the Class for valuable consideration did not meet the standards of merchantability or craftsmanship.

85. The Manufacturer Defendants have accepted and retained the benefit conferred without providing adequate repair or replacement for Plaintiff and the Class who required repairs to the Samsung television outside of the warranty period. Such putative Class members paid additional consideration for the repair or replacement of parts that were faulty at the time of purchasing the Samsung television.

WHEREFORE, Plaintiff, and on behalf of all others similarly situated demand relief against the Manufacturer Defendants as follows:

 a. compensatory damages, including but not limited to the purchase price of the Samsung Televisions or, in the alternative, cost of repairs; and

 b. such other relief as may be just, necessary or appropriate.

 a. or grade, if they are of another;

 b. Representing that the useful life of the Samsung televisions (including its essential component parts) was longer than Retail Defendants knew or should have known to be true;

 c. Failing to disclose to Washington Class members the aforesaid Defect;

 d. Failing to disclose the reduced useful life of the Samsung televisions containing the Defect; and

 e. Failing to disclose the cost and magnitude of repair necessary to fix the Defect.

## COUNT EIGHT
## BREACH OF WASHINGTON CONSUMER PROTECTION ACT
## RCW 19.86 et. seq. (for Equitable and Compensatory Relief)(As to the Retailer Defendants)

86. Plaintiff McCallon and the Washington Class reallege and incorporate paragraphs 1-63 as if set forth fully herein.

87. The Washington Consumer Protection Act ("WCPA") provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

88. Retailer Defendants were engaged in trade or commerce within the definition of RCW 19.86.010 (2) in that Retailer Defendants sell or caused to be sold in the stream of commerce, the subject televisions to consumers, affecting people of the state of Washington.

89. Retailer Defendants engage in numerous unfair or deceptive practices in violation of the Consumer Protection Act, including but not limited to:

    a. Implicitly misrepresenting the nature, standard, quality, characteristics, uses and benefits of Samsung televisions;

    b. Representing that goods have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have;

    c. Representing that goods are of a particular standard, quality or grade, if they are of another;

27

d. Representing that the useful life of the Samsung televisions (including its essential component parts) was longer than the Retailer Defendants knew or should have known to be true;

e. Advertising goods or services with intent not to sell them as advertised;

f. Failing to disclose to Washington Class members the aforesaid Defect;

g. Failing to disclose the reduced useful life of the Samsung televisions; and

h. Failing to disclose the cost and magnitude of repair necessary to repair the Defect.

90. Pursuant to RCW 19.86.093, there is a public interest in addressing Retailer Defendant's unfair and/or deceptive conduct because the conduct complained of has:

a. Injured Plaintiff McCallon;

b. Injured Washington Class members; and

c. Had the capacity to injure other persons if left uncorrected.

91. As a direct and proximate result of the Retailer Defendants' violations of the Act, Plaintiff McCallon and the Washington Class has been aggrieved and suffered a loss including amounts related to all or some part of the purchase price of the televisions containing the Defect as well as diagnostic, repair and service fees.

92. The Retailer Defendants have received a benefit from having misrepresented or omitted material information regarding the quality of the televisions and the inadequacy of materials used which the Retailer Defendants knew or should have known would substantially decrease the useful life of the televisions.

93. Pursuant to RCW 19.86.090, Plaintiff McCallon and other Washington Class members have a private cause of action against the Retailer Defendants and are entitled to recover their actual damages (up to treble damages), plus attorneys' fees and costs.

94. By reason of the Retailer Defendants' conduct as aforesaid, Plaintiff McCallon and the Washington Class members are entitled to compensatory and statutory damages, equitable relief, and attorney's fees and costs, as provided by the Act.

95. Upon information and belief, the Retailer Defendants will continue the unlawful manufacture and sale of defective Samsung Televisions to Plaintiff McCallon and the Washington Class, where consumers are unable to know whether the Defect has otherwise been remedied.

96. By reason of the Manufacturer Defendants' conduct as aforesaid, Plaintiff McCallon and the Washington Class members are entitled to equitable relief enjoining Retailer Defendants' unlawful conduct.

29

WHEREFORE, Plaintiff McCallon, individually and as class representative on behalf of the Washington Class, demands judgment against the Retailer Defendants for:

  a.  compensatory damages, including but not limited to the purchase price of the Samsung televisions or, in the alternative, cost of repairs;

  b.  injunctive relief, including but not limited to immediately cease and desist from selling its Defective Samsung televisions in violation of law; enjoining Retailer Defendants from continuing to market, advertise, distribute, and sell these products in the unlawful manner described herein; and ordering Retailer Defendant to engage in corrective action to repair the Defective Samsung televisions;

  c.  reasonable attorney's fees, costs and expenses; and

  d.  such other relief as may be just, necessary or appropriate.

## COUNT TEN
### UNJUST ENRICHMENT (As to the Retailer Defendants)

97.  Plaintiffs and the Class reallege and incorporate paragraphs 1-63 as if set forth fully herein.

98.  In the alternative to compensatory damages requested above, if for any reason the claims under this action lack of an adequate remedy at law, Plaintiffs and the Class request equitable relief from Retailer Defendants' acts and omissions stemming from the legal theory of unjust enrichment.

99. Plaintiffs and the Class conferred a benefit upon Retailer Defendants when they paid for the Samsung television, as it was designed, manufactured, marketed and retailed to a mass consumer population.

100. Retailer Defendants appreciated the benefit conferred by receiving payment for any Samsung television, which was designed, manufactured, marketed, and retailed to a mass consumer population.

101. Retailer Defendants have accepted and retained the benefit conferred without providing a product that meets the reasonable standard of quality. The product purchased by Plaintiffs and the Class for valuable consideration did not meet the standards of merchantability or craftsmanship.

102. Retailer Defendants have accepted and retained the benefit conferred without providing adequate repair or replacement for Plaintiffs and the Class who required repairs to the Samsung television outside of the warranty period. Such putative Class members paid additional consideration for the repair or replacement of parts that were faulty at the time of purchasing the Samsung television.

WHEREFORE, Plaintiff, and on behalf of all others similarly situated demand relief against the Retailer Defendants as follows:

a. compensatory damages, including but not limited to the purchase price

of the Samsung Televisions or, in the alternative, cost of repairs; and

b.  such other relief as may be just, necessary or appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as
follows:

A.  Certifying this action for class treatment, approving Plaintiff as Class
representative;

B.  Awarding damages to Plaintiffs and the other Class members for
Manufacturer and Retailer Defendants' deceptive and unfair business
practices and acts;

C.  Awarding pre- and post-judgment interest;

D.  Awarding injunctive relief;

E.  Awarding attorney fees, expenses, and costs; and

F.  Providing such other and further relief as this Court may deem just
and proper.

## DEMAND FOR TRIAL BY JURY

Trial by jury demanded on all issues so triable.

## DECLARATION UNDER PENALTY OF PERJURY

32

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed at Sandy, Utah on February 5th 2018.

Respectfully submitted this 5th day of February, 2018.

CHARLES D. MCCALLON,
*Pro Se*
8351 S. Azul Way
Sandy, UT 84093
Phone: (253)-307-2406
douglaw2020@yahoo.com